# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

OLGA V. DUNINA,

      Plaintiff,            :       Case No. 3:06-cv-399

                                                       District Judge Walter Herbert Rice
    -vs-                                       Chief Magistrate Judge Michael R. Merz

                                                :

LIFE CARE HOSPITALS OF
 DAYTON, INC.,

      Defendant.

**REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION**

This case is before the Court on Plaintiff's Motion for Reconsideration of this Court's of Dismissal (Doc. No. 8). Having been filed post-judgment, the Motion is deemed referred to the undersigned under 28 U.S.C. §636(b)(3), requiring a report and recommendations.

Plaintiff filed this action on December 18, 2006, with a motion for leave to proceed in forma pauperis (Doc. No. 1). On December 19, 2006, the Court ordered Plaintiff to supplement her Application to Proceed without Prepayment of Fees and Costs because the Court found that she was a prisoner, subject to the Prison Litigation Reform Act. Plaintiff failed to do so within the time ordered and the court accordingly ordered her to show cause, not later than January 20, 2007, why this case should not be dismissed for want of prosecution. Plaintiff has also failed to respond to the order to show cause. The Magistrate Judge accordingly recommended that the case be dismissed without prejudice for want of prosecution (Doc. No. 4). When the mail including that Report was returned as undeliverable, the Magistrate Judge ordered it re-sent on March 23, 2007, to the address Plaintiff had provided the Court in other cases she has pending. Plaintiff did not file objections before judgment was entered because, as she says, she included April 2, 2007, the first day of

1

Passover, and April 6, 2007, Good Friday, in her calculation of the time she had to respond, treating them as legal holidays. Of course, they are not. See Fed. R. Civ. P. 6.

Treating March 23, 2007, the date the Report and Recommendations were remailed on the Court's own initiative, as the date from which Plaintiff's time to object should be calculated, she had until April 11, 2007, to make objections. Judge Rice's adoption entry (Doc. No. 6) treats her time for objections as having expired February 9, 2007, as if she had timely received the Report and Objections when it was initially mailed. While the Magistrate Judge's Order to Show Cause was returned undeliverable (See Doc. No. 5), the Report and Recommendations have not been returned, nor has Plaintiff ever furnished the Court with an updated address in this case.

While there is some confusion about Plaintiff's receiving materials from the Court, there is even more confusion about why she objects to dismissal of the case. In her Motion, she recounts at some length her claims against Miami County Common Pleas Judge Jonathan Hein and her desire to litigate those claims in this Court. But Judge Hein is not named as a Defendant in this case, which appears to be intended to state a claim against a potential employer for discrimination in employment. Moreover, the reason this Magistrate Judge recommended dismissal was because Plaintiff has never responded – and does not in her Motion to Reconsideration respond – to the Order to Show Cause. Indeed, the facts set forth in the Motion for Reconsideration support the dismissal: Plaintiff admits in the Motion that she was a prisoner in the Miami County Jail at the time she filed the Complaint. The basis of the original Order to Supplement, the subsequent Order to Show Cause, and the eventual Report and Recommendations to Dismiss is that Plaintiff has never filed an application to proceed *in forma pauperis* which is complete under the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"). Plaintiff asserts that she was a "political prisoner," but the PLRA applies to all prisoners, whether or not they consider themselves confined for their political views.

Because Plaintiff has never shown her entitlement to proceed *in forma pauperis* in this case, the Motion for Reconsideration should be denied.

Plaintiff may wish to note that the dismissal was without prejudice and does not preclude her from re-filing.  Because she is apparently not a prisoner at this time, she would not be required to comply with the PLRA in any re-filing.

April 14, 2007.

                                                    s/ **Michael R. Merz**
                                              Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).