# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

OLGA V. DUNINA,

      Plaintiff,              :       Case No. 3:06-cv-399

                                                  District Judge Walter Herbert Rice
     -vs-                                      Chief Magistrate Judge Michael R. Merz

                                        :

LIFE CARE HOSPITALS OF
 DAYTON, INC.,

      Defendant.

---

### SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

---

       This case is before the Court on Plaintiff's Objections (Doc. No. 10) to the Magistrate Judge's Report and Recommendations (Doc. No. 9) recommending that Plaintiff's Motion for Reconsideration of this Court's of Dismissal (Doc. No. 8) be denied. The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

       Plaintiff's Objections set forth at length her dispute with Darke County Common Pleas Judge Jonathan Hein, but Judge Hein is not now and has never been a defendant in this case. This is one of three employment discrimination cases Plaintiff has pending on the docket of the undersigned. This one happened to have been filed while Plaintiff was in jail on contempt charges on Judge Hein's order. Because Plaintiff was a "prisoner" at the time she filed the case, she was obliged to obtain leave to proceed *in forma pauperis*, if at all, under the Prison Litigation Reform Act of 1995. However, her initial application to proceed *in forma pauperis* did not comply with that Act and the undersigned ordered her to supplement (Doc. No. 2). When she failed to do so, the Court ordered

1

her to show cause why the case should not be dismissed for want of prosecution (Doc. No. 3). When she failed to respond to that Order, the Magistrate Judge recommended that the case actually be dismissed for want of prosecution (Doc. No. 4). When Plaintiff failed to object to that Report, it was adopted (Doc. No. 6).

As of this date, Plaintiff has never filed an application to proceed *in forma pauperis* which complies with the Prison Litigation Reform Act. However, she makes it very clear in her Objections that she was in fact a prisoner at the time she filed the case. She blames this Court for not considering a large mass of irrelevant case law under 42 U.S.C. §1983 in recommending dismissal. However, there is no state actor as a defendant in this case and the Prison Litigation Reform Act does not have any exceptions for persons who have been wrongfully incarcerated.

Even now if Plaintiff would file the proper application, the Magistrate Judge would be pleased to recommend that the judgment be vacated and that Plaintiff be permitted to proceed *in forma pauperis*. However, she must comply with the Prison Litigation Reform Act. In the absence of such compliance, it would be a violation of law to allow her to proceed. She correctly cites a federal judge's obligation to uphold the law. It is that obligation which compels denial of her Motion for Reconsideration.

May 3, 2007.

                                                      s/ **Michael R. Merz**
                                                 Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for

the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).